IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN DOUGLAS McCASKILL, <br> No. K-77293, <br><br> Plaintiff, <br><br> vs. <br><br> W. REED, <br> OFFICER WILLFORD, <br> OFFICER GRIFFIN, <br> LT. JENKINS, <br> JEFFERY DENNISON, <br> ALFONSO DAVID, <br> LORREAL LECRONE, <br> LORREAL CRANK, <br> MAJOR FARNER, <br> C/O GIBBS, <br> MS. SMOOT, <br> C/O WIGGS, <br> ERIC SORENSON, <br> LOUYD PERKINS, <br> AUSTIN, <br> OESTMANN, <br> and ARMSTRONG, <br><br> Defendants. | Case No. 17-cv-748-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management and to address a motion filed by Plaintiff. Plaintiff filed this *pro se* civil rights action on July 18, 2017, raising claims related to his prior incarceration at the Shawnee Correctional Center. At the time he filed the case, Plaintiff was no longer a prisoner. (Doc. 1, pp. 3, 16).

The Clerk promptly advised Plaintiff of the filing fee requirements for a civil rights action and mailed him a blank form motion for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Unfortunately, however, Plaintiff did not pay the filing fee or submit a motion for leave to proceed

1

IFP within the Court's 30-day deadline.

On September 8, 2017, Plaintiff was given one more chance to either pay the $400.00 filing fee in full or to file a motion for leave to proceed IFP. (Doc. 3). He was ordered to take one action or the other no later than September 22, 2017. The Court warned Plaintiff that if he did not comply with that order, this action would be dismissed.

Plaintiff did not follow the directions in the Court's order. Instead of filing a motion for leave to proceed IFP, which would include information on Plaintiff's financial resources and allow the Court to evaluate his ability to pay the filing fee, he submitted a self-styled "Motion for Leave to Proceed Against the Following Defendants for their Wrong Doings." (Doc. 4). The motion has a caption with the names of all Defendants and states: "In my Efforts to Proceed With All Due Respect Your Honor." (Doc. 4). The motion contains nothing else. Plaintiff did not submit any financial information with the motion, and he did not request the Court to waive his obligation to pay the filing fee. Based on the Court's clear directions to Plaintiff, and the warning to him of the consequences of noncompliance with this Court's order, this action is subject to dismissal.

Plaintiff's "Motion for Leave to Proceed Against the Following Defendants for Their Wrong Doings" (Doc. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). This dismissal *shall not* count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. §§ 1915(a)(1);

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court

1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: September 28, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and is assessed only $350.00.